JOHN BULFINCH, *Adm'r, appellant from a decree of the Judge of Probate, versus* INHABITANTS OF WALDOBORO'.

An administrator cannot appeal from an order of the Judge of Probate, authorizing an action to be brought upon his official bond.

Such authority may be exercised under R. S., c. 72, § 14, without notice to the obligors in the bond.

APPEAL from an order of the Judge of Probate for Lincoln County, authorizing an action to be commenced upon the appellant's administration bond.

Upon the facts as agreed by the parties, which the opinion renders it unnecessary to report, the case was submitted, with an agreement that the action upon the appellant's administration bond should abide the opinion of the Court in this case.

*Bulfinch, pro se.*

*Henry Farrington,* for the defendants.

BARROWS, J. — John Bulfinch, administrator on the estate of Evarts Bulfinch, deceased, claims an appeal from an order made by the Judge of Probate for the county of Lincoln, permitting the inhabitants of Waldoboro' to commence

a suit upon the bond which this appellant gave as administrator.

Founded upon a statement of facts to which the parties have agreed, the appellant presents a strong argument against the maintenance of such suit upon the administration bond. But the decision of that question cannot properly be reached in this process. Before we can proceed to consider it, the appellant must, as a necessary preliminary, establish his right to appeal from the order of the Probate Judge of which he complains.

That order fixes no liability upon this appellant — denies him no right. He is not legally aggrieved thereby — manifestly not aggrieved if the proposed suit upon the bond is maintainable, — and, if the appellant is found to be entitled to prevail therein, he will have his legal equivalent for the expense which he may incur in the costs to be taxed in his favor.

In no case can one of the obligors interpose an appeal from the order of the Probate Judge authorizing a suit upon the bond, to delay or prevent the institution of the suit.

The power given to the Judge of Probate by § 14, c. 72, of the R. S. of 1857, to authorize the commencement of a suit upon a probate bond, may be exercised without notice to the obligors in the bond, and no legal right of the obligors is affected by the permission to commence a suit.

To require such notice, — to allow such an appeal as is here claimed, might not unfrequently practically defeat the object to be attained by the commencement of the suit.

The power given by c. 123, § 9, of the R. S. of 1841, to the Probate Court, to grant leave to a creditor of an insolvent estate to institute a suit for the recovery of his claim in a common law court under certain circumstances, contemplated *a notice to the executor or administrator*, and a hearing before the Probate Judge. It was under that statute that the decision in *Leighton* v. *Chapman*, 30 Maine, 538, relied upon by the appellant to support this appeal, was

made. The decision is not applicable in this case, on account of the distinction just adverted to.

We cannot, consistently with a due regard for a systematic course of legal procedure, undertake in this case to examine the formidable obstacles presented by the appellant to the maintenance of the proposed suit upon the bond. If the appellees shall think it worth while to institute and prosecute such a suit, the questions here attempted to be raised will be properly before the Court.

Inasmuch as we can give no opinion upon the main matters in controversy between the parties in this case, the stipulation with regard to the disposition of the suit, *Benner v. Bulfinch, Adm'r*, becomes inoperative. Under the circumstances developed in the agreed statement of facts, we do not think the appellees are entitled to costs.

*Appeal dismissed.*

APPLETON, C. J., CUTTING, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.